UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMY LLOYD ALEXANDER,<br>    Petitioner,<br>v.<br>DANIEL E. CUEVO,<br>    Respondent. | Case No. 21-cv-05232-WHO (PR)<br><br>**SECOND ORDER TO SHOW CAUSE** |

## INTRODUCTION

Petitioner Jimmy Lloyd Alexander seeks federal habeas relief from his state convictions for kidnapping, robbery, and rape. His second amended petition for habeas relief is now before me for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases.

The second amended petition, which is now the operative petition in this action, states cognizable claims. Accordingly, on or before **July 10, 2023**, respondent shall file an answer or a dispositive motion in response to the claims raised in the operative habeas petition, with the exceptions described below.

Alexander may not file any other petitions without obtaining leave of court <u>before</u> filing any petition. Any petition filed without obtaining prior leave of court will be summarily dismissed.

## BACKGROUND

According to the original petition and the state appellate opinion, in 2017 a Monterey County Superior Court jury found Alexander guilty of kidnapping, second degree robbery, rape, sodomy, and oral copulation. (Pet., Dkt. No. 1 at 1-2; *People v.*

*Alexander*, No. H045599, 2020 WL 2188866, at *8 (Cal. Ct. App. May 6, 2020).) In 2018, a sentence of 175 years to life, with the possibility of parole, was imposed. (*Id.*) His attempts to overturn his convictions in state court were unsuccessful. This federal habeas petition followed.

I dismissed the original petition with leave to amend because Alexander's claim that the prosecutor knowingly used false evidence lacked sufficient facts to state a claim for relief. (Order Dismissing Petition, Dkt. No. 10 at 2.) After he filed a first amended petition, I issued an Order to Show Cause. (Dkt. Nos. 14 and 15.) In response to the OSC, respondent filed a motion to dismiss for failure to exhaust state remedies. (Dkt. No. 18.) Alexander did not file an opposition, but instead filed a second amended petition without leave of court, and a letter in which he asked the court to proceed on his exhausted claims only and left it to me whether to proceed on the first or second amended petition. (Dkt. Nos. 20 and 23.) Respondent filed a reply in which he stated that the second amended petition was filed without leave of court and contains unexhausted claims. (Reply, Dkt. No. 22.) Because it was unclear which petition should be the operative one, I ordered Alexander to inform me which petition he wished to use. (Dkt. No. 24.) Alexander has filed a response in which he states that he wishes to proceed with the exhausted claims in the second amended petition. (Dkt. No. 25.)

## DISCUSSION

A district court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). In considering an application for a writ of habeas corpus, the court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

As grounds for federal habeas relief, Alexander alleges in his second amended petition that (1) there was insufficient evidence of force or fear to support the kidnapping conviction; (2) the trial court erroneously admitted expert testimony; (3) his sentence violates the Eighth Amendment; and (4) the trial court failed to give appropriate jury instructions regarding expert witness testimony. When liberally construed, Claims 2-4 are cognizable and shall proceed.

Respondent asserts that Claim 1 is partially unexhausted and untimely. Respondent asserts, and Alexander does not dispute, that part of Claim 1 (that the prosecutor knowingly used expert testimony) is unexhausted. (Reply, Dkt. No. 22 at 4.) Accordingly, the subclaim that the prosecutor knowingly presented false evidence is DISMISSED.

For screening purposes at least, I conclude that the remainder of Claim 1 relates back to a timely-filed claim and can proceed. This is a close question. AEDPA's one-year statute of limitations started running on March 23, 2021, which is the day after the United States Supreme Court denied Alexander's petition for writ of certiorari. (Mot. to Dismiss (MTD), Letter from Clerk, Dkt. No. 18 at 367.) This means that Alexander had until March 24, 2022 to file a timely petition. Respondent grants that he is entitled to twelve days of tolling while his petition was pending in the state superior court (that is, from December 21, 2021 to January 10, 2022), which extended the filing deadline to April 3, 2022. (*Id.* at 5.) He is not entitled to any tolling for time a second petition in the state superior court was pending (April 19, 2022 to May 11, 2022) because the limitations had expired before the petition was filed. State petitions filed after the limitations period expired cannot toll the statute of limitations. *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003). The second amended petition was filed on August 30, 2022, which is past the April 3, 2022 deadline.

The claim can survive an untimeliness challenge only if it relates back to a timely filed petition. "An amended habeas petition . . . does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts

3

that differ in both time and type from those the original pleading set forth." *Mayle v. Felix*, 545 U.S. 644, 650 (2005) (new coerced confession claim did not relate back to the original petition that raised only a factually distinct Confrontation Clause claim). A claim relates back to the date of the original pleading only if the original and amended pleadings "'ar[i]se out of the conduct, transaction, or occurrence.'" *Id.* at 655 (quoting Fed. R. Civ. P. 15(c)(2)). Only if the original and amended petition state claims that are tied to a common core of operative facts will the new claim in an amended petition relate back to the filing date of the original petition. *See id.* at 664-65. *Mayle* explicitly rejected the proposition that the "same 'conduct, transaction, or occurrence' [means the] same 'trial, conviction, or sentence.'" *Id.* at 664.

In the original petition, Alexander made the following claims: "(1) new evidence shows that a witness's testimony was false, which means he was denied his due process right to a fair trial; (2) expert testimony was wrongly admitted in violation of due process; and (3) his sentence violates the Eighth Amendment." (Order Dismissing Petition, Dkt. No. 10 at 2.) In the first amended petition, Alexander included the following claims: "(1) the prosecutor knowingly presented false evidence; (2) the trial court violated his right to a fair trial by allowing a witness change her statements repeatedly; (3) the trial court admitted irrelevant and prejudicial expert testimony; (4) his sentence violates the Eighth Amendment; (5) the trial court failed to give appropriate jury instructions regarding the testimony of Dr. Mechanic; and (6) the trial court presented the jury with a legally insufficient theory of kidnapping by giving faulty instructions."

At this stage, I conclude that the insufficiency of the evidence claim relates back to the jury kidnapping instruction claim and that Claim 1 can proceed, except for the unexhausted subclaim that the prosecutor presented false evidence. Alexander discusses sufficiency of evidence in his larger claim of the allegedly flawed jury instruction. (First Am. Pet., Dkt. No. 13-4 at 2-7.) Respondent is not precluded from challenging whether the claim relates back as the case proceeds.

## CONCLUSION

On or before **July 10, 2023**, respondent shall file an answer addressing the merits of Claims 1-4 in the second amended petition. The subclaim regarding the use of false evidence is DISMISSED. Alexander's traverse shall be filed within 30 days after the answer is filed. The petition shall be deemed submitted on the day the traverse is due.

**IT IS SO ORDERED.**

**Dated:** April 7, 2023



WILLIAM H. ORRICK
United States District Judge