UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMY LLOYD ALEXANDER,<br><br>  Petitioner,<br><br> v.<br><br>DANIEL E. CUEVO,<br><br>  Respondent. | Case No. 21-cv-05232-WHO (PR)<br><br>**ORDER GRANTING MOTION UNDER FEDERAL RULE OF APPELLATE PROCEDURE 4(A)(6)** |

## INTRODUCTION

This federal habeas action is on appeal. The Ninth Circuit has remanded the appeal to this Court "for the limited purpose of allowing that court to rule on appellant's October 11, 2024, motion to reopen the time for appeal" under Federal Rule of Appellate Procedure 4(a)(6). (Ninth Circuit Order, Dkt. No. 39 at 1.)

Alexander qualifies for relief under Appellate Rule 4(a)(6). Accordingly, the motion to reopen the time to file a Notice of Appeal is GRANTED. The time period is REOPENED. I will construe his October 11th letter as a Notice of Appeal filed within the reopened time.

## BACKGROUND

Alexander's 28 U.S.C § 2254 habeas petition was denied and judgment entered on June 14, 2024. (Dkt. Nos. 33 and 34.) On October 11, 2024, Alexander sent the Court a letter in which he stated that he discovered that his habeas petition had been denied "through the Department of Corrections Law Library" and had not received any notice from the Court. (Dkt. No. 35.) I construed the letter as a Notice of Appeal and directed the Clerk to process the appeal. (Dkt. No. 36.)

The Ninth Circuit Court of Appeals concluded that the Notice of Appeal was not timely because it was not filed within 30 days after judgment was entered on June 14, 2024. (Dkt. No. 39.) However, the appellate court construed the October 11th letter as a motion to reopen the time to file an appeal under Federal Rule of Appellate Procedure 4(a)(6) and has remanded the appeal to this Court to rule on this motion. (*Id.*)

## DISCUSSION

To qualify for relief under Federal Rule of Appellate Procedure 4(a)(6), a petitioner must have failed to receive notice of entry of judgment within 21 days after entry of judgment, and that the motion to reopen must be filed within 180 days after entry of judgment or within 14 days after the moving party receives notice of entry of judgment, whichever is earlier.

The Appellate Rule 4(a)(6) motion is GRANTED. The letter's date and contents indicate that petitioner did not receive notice of the entry of judgment within 21 days after entry. Also, the letter was filed within 180 days after receiving notice of the entry of judgment. The time period to file a Notice of Appeal is REOPENED. I construe the October 11th letter as a Notice of Appeal filed within the reopened time period.

## CONCLUSION

Alexander's motion under Federal Rule of Appellate Procedure 4(a)(6) is GRANTED. The time period is REOPENED and the October 11th letter is construed as Notice of Appeal filed within the reopened time period.

The Clerk shall send a copy of this Order to all parties and to the Ninth Circuit Court of Appeals.

**IT IS SO ORDERED.**

**Dated:** December 16, 2024

WILLIAM H. ORRICK
United States District Judge

2